**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JOEL ULISES GUZMAN-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02072-TLP-cgc |
| v. | ) | |
| | ) | |
| SCOTT LADWIG, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING IN PART MOTION FOR RECONSIDERATION AND
MODIFYING ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On February 24, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 12.)  Respondent moved for reconsideration the next morning.  (ECF No. 13.)  For the reasons below, the Court **GRANTS IN PART** Petitioner's Motion for Reconsideration and **MODIFIES** the Order Granting Petition for Writ of Habeas Corpus (ECF No. 12) to correct the Court's error.

**ANALYSIS**

District courts have the authority to "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).  And this authority affords relief from interlocutory orders "as justice requires." *Id.* (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C. 1994)).  Reconsideration is justified where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."

1

*Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriquez*, 89 F. App'x at 959).

Respondent argues that reconsideration is necessary to correct a clear error and to prevent manifest injustice. (ECF No. 73 at PageID 73.) It explains that "[b]ecause it appears from the Court's order that the Court has confused Respondent's arguments in this case with his arguments in other recent habeas cases and because the relevant facts of this case are materially different from the facts in the majority of the other recent habeas cases considered by the Court, the Court should reconsider its ruling and deny the Petition." (*Id.* at PageID 72.)

The Court agrees to the first but not the second point. Start with reconsideration. In his response to the Petition, Respondent argued that Petitioner's detention is governed by 8 U.S.C. § 1225 because he "*applied for admission at a port of entry and thus was and remains* an 'applicant for admission' who is treated, for constitutional purposes, as if stopped at the border." (ECF 8 at PageID 24–25 (emphasis added).) But the Order Granting Petition for Writ of Habeas Corpus ("Order") misstated Respondent's position by saying that Respondent argues Petitioner "*is an alien who entered the United States without inspection or parole and thus was and remains* an 'applicant for admission' who is treated, for constitutional purposes, as if stopped at the border." (ECF No. 12 at PageID 65 (emphasis added).)

This was a clear error.[1] And the Court had no intention of sweeping Respondent's arguments under the rug. For that reason, the Court **GRANTS IN PART** Petitioner's Motion for Reconsideration.

---

[1] The Order also states that Respondent acknowledges that the questions of law in this case overlap with those at issue in previous cases. (ECF No. 12 at PageID 62–63.) But Respondent did not make that acknowledgment.

But that does not mean the Court should now deny the Petition.  As explained below, §

1226 still applies to Petitioner's detention.

Respondent argues that because Petitioner applied for admission at the Brownsville,

Texas Port of Entry, he is actively "seeking admission."  (ECF No. 8 at PageID 28; ECF No. 13

at PageID 74.)  But as Petitioner correctly noted in his Reply, courts in the Western District of

Tennessee have already held that noncitizens apprehended in the interior of the country placed in

full § 1229a proceedings must be detained under § 1226(a), not § 1225(b)(2).  (ECF No. 10 at

PageID 42–43.)  *See, e.g.*, *Garcia-Sanchez v. Acuna*, No. 25-3115, ECF No. 12 (W.D. Tenn. Jan.

13, 2026) (ECF No. 12 at PageID 67); *see also Hernandez v. Ladwig*, No. 26-2081, 2026 WL

324020 (W.D. Tenn. Feb. 6, 2026); *Godinez-Lopez v. Ladwig*, No. 2:25-2962, 2025 WL

3047889 (W.D. Tenn. Oct. 31, 2025).  In other words, that Petitioner once *sought* admission and

could have therefore been considered an "applicant for admission" under § 1225(b)(2)(A) does

not mean he is indefinitely seeking admission under that provision.

That notion remains true here.  The reasoning underscored in the Order is that § 1225

applies to the government's process of inspecting and removing immigrants actively crossing the

border.  And because the government detained Petitioner well after his crossing, it cannot *now*

detain him under § 1225.  As the Court explains:

> At bottom, §§ 1225 and 1226 are different statutory provisions that apply to
> different contexts.  And the Supreme Court has already distinguished the two.  In
> *Jennings*, the Court determined that the government may "detain certain aliens
> seeking admission into the country" and that the § 1225 process "generally begins
> at the Nation's borders and ports of entry, where the Government must determine
> whether an alien seeking to enter the country is admissible."  Whereas § 1226
> "authorizes the Government to detain certain aliens already in the country
> pending the outcome of removal proceedings."  Respondent has articulated no
> compelling reason to stray from this commonsense understanding.  So the Court
> finds § 1226 governs the detention of an alien like Petitioner, who has no known
> criminal history and who has been residing in the interior of the United States.
> Petitioner is therefore subject to the discretionary bond process under § 1226.

(ECF No. 12 at PageID 68–69 (citations omitted); *see also Garcia-Sanchez*, ECF No. 12 at PageID 67, 71 (rejecting respondent's argument that the petitioner should be "treated as an '"arriving alien"' forever stopped at the border' because he has resided in the country for years, obtained parole status, and underwent § 1229a removal proceedings").

The Court therefore **MODIFIES** the errors in the Order Granting Petition for Writ of Habeas Corpus. But Petitioner is still entitled to the discretionary bond process under § 1226.

### CONCLUSION

After careful review of Respondent's Response (ECF No. 8), Petitioner's Reply (ECF No. 10), and the Order (ECF No. 12), the Court **GRANTS IN PART** Petitioner's Motion for Reconsideration as much as the Order misapplied Respondent's arguments. And so the Court **MODIFIES** the Order Granting Petition for Writ of Habeas Corpus (ECF No. 12) to correct those errors. The remedy set forth in the Order however remains in place.[2]

**SO ORDERED**, this 25th day of February, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] The Court's remedy remains the same: "[T]he Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner. *See Rodriguez v. Woosley*, No. 4:25-CV-168-RGJ, 2026 WL 36345, at *11– 12 (W.D. Ky. Jan. 6, 2026) (collecting cases and finding immediate release as a remedy). And the Court further **ENJOINS** Respondent from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). If DHS later re-detains Petitioner under § 1226(a), it shall provide him with the bond hearing he is entitled to under that provision." (ECF No. 12 at PageID 71.)